# UNITED STATES NAVY–MARINE CORPS
# COURT OF CRIMINAL APPEALS

————————————————

**No. 201600066**

————————————————

## UNITED STATES OF AMERICA
Appellee

v.

## LARRY R. BELL
Lance Corporal (E-3), U.S. Marine Corps
Appellant

————————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Eugene H. Robinson, Jr., USMC.
For Appellant: Lieutenant Colonel Richard A. Viczorek, USMCR.
For Appellee: Lieutenant James M. Belforti, JAGC, USN.

————————————————

Decided 20 October 2016

————————————————

Before CAMPBELL, RUGH, and HUTCHISON, *Appellate Military Judges*

————————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————————

PER CURIAM:

At an uncontested general court-martial, a military judge convicted the appellant of attempted sexual assault of a child, attempted sexual abuse of a child, and communicating indecent language—offenses committed during May 2015, in violation of Articles 80 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880 and 934. The convening authority (CA) approved the adjudged sentence of three years' confinement, reduction to pay grade E-1, forfeiture of all pay and allowances, and a dishonorable discharge. Pursuant to a pretrial agreement, the CA also suspended all confinement in excess of 18 months.

The appellant's sole assignment of error (AOE) contends a dishonorable discharge is not a mandatory punishment for Article 80, UCMJ, convictions

for attempted violations of Article 120b(b), UCMJ. In accordance with our holding to the contrary in *United States v. Henegar*, __ M.J. __, No. 201500379, 2016 CCA LEXIS 495 (N-M. Ct. Crim. App. 18 Aug 2016), we summarily reject the appellant's assertion.

Although not raised as an AOE, we note the trial defense counsel's post-trial clemency submission requested the CA to disapprove "all of [the appellant's] remaining confinement time[.]"[1] Such action would violate the CA's clemency limitations under Article 60, UCMJ, and RULE FOR COURTS-MARTIAL 1107, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) in this case.[2]

The appellant has not asserted his trial defense counsel was ineffective for requesting unauthorized clemency relief. It is his burden to demonstrate (1) his counsel's performance was deficient to the point of "not functioning as the 'counsel' guaranteed by the Sixth Amendment" and (2) the deficient performance prejudiced the defense. *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007) (citations and internal quotation marks omitted). An appellant receives "the benefit of the doubt" regarding whether "there is material prejudice to [his] substantial rights" based on "[e]rrors in post-trial representation" as long as "there is an error and the appellant makes some colorable showing of possible prejudice." *United States v. Lee*, 52 M.J. 51, 53 (C.A.A.F. 1999) (citations and internal quotation marks omitted).

Deferments of the appellant's rank reduction and forfeitures were possible forms of clemency.[3] In the context of this case, we find no basis to conclude it was legal error for the trial defense counsel to not request them (*see United States v. Conrad*, No. 201600142, 2016 CCA LEXIS 535, at *6 n.8 (N-M. Ct. Crim. App. 8 Sep 2016) (per curiam) (finding no legal error where trial defense counsel failed to request an authorized form of clemency, but Conrad "d[id] not contend his trial defense attorney was ineffective for not requesting such relief"). Nor do we find a colorable showing that the submitted request for unauthorized clemency possibly prejudiced the appellant.[4]

---

[1] Clemency Request of 30 Dec 2015 at ¶ 5.

[2] The National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, 127 Stat. 672 (2013), amended Art. 60(c)(4), UCMJ, reducing the CA's ability to effect sentences in cases involving most offenses committed on or after 24 June 2014.

[3] The appellant had no military dependents for whose benefit the automatic forfeitures could be waived following the CA's action. Art. 58b.(b), UCMJ.

[4] While none was submitted here, even briefed arguments on the submission of unauthorized clemency requests alone may not make a colorable showing of possible prejudice. *See, e.g., United States v. Ouillette*, No. 201600075, 2016 CCA LEXIS 481, at *8 (N-M. Ct. Crim. App. 16 Aug 2016) (trial defense counsel made a tactical

The findings and sentence are affirmed.

For the Court

R.H. TROIDL
Clerk of Court



---

decision to request unauthorized clemency); and *Conrad*, 216 CCA LEXIS 535, at *2-3 (appellant was fully informed of the CA's clemency limitations before trial defense counsel submitted a post-trial request for unauthorized clemency).